INTERPOOL LIMITED, Transamerica ICS Inc., CTI–Container Leasing Corp., and Seaco Inc., Plaintiffs,

v.

UNITED STATES FIRE INSURANCE COMPANY, Defendant.

No. 82 Civ. 2866 (MEL).

United States District Court, S.D. New York.

Jan. 5, 1983.
As Corrected Jan. 19, 1983.

Ober, Grimes & Shriver, Baltimore, Md., for plaintiffs; Gerard A. Dupuis, New York City, James B. Wieland, Baltimore, Md., of counsel.

Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for defendant; Frank M. Marcigliano, Alexander Lesyk, New York City, of counsel.

LASKER, District Judge.

This action arises from the insolvency of Seatrain Lines, Inc. and its subsidiaries ("Seatrain"), international common carriers by water. Plaintiffs allege that they leased ocean cargo containers and related equipment to Seatrain pursuant to leases which required Seatrain to procure insurance covering the equipment for the benefit of the plaintiffs. Seatrain obtained the required insurance from United States Fire Insurance Co. ("U.S. Fire") and plaintiffs contend that they are additional insureds or loss payees or beneficiaries entitled to make claims against the policy or policies.

Seatrain's operations were world-wide: it had offices and agents throughout the United States and Europe, as well as Korea, Japan, Mexico and Canada. (List of Seatrain offices, Exhibit A to Affidavit of James B. Wieland). Plaintiffs contend that when Seatrain became insolvent, it "abruptly ceased operations leaving the containers at various locations where they lay, to become subject to loss or damage from external causes including natural forces, the actions of third parties ... and fortuitous or mysterious causes." (Affidavit of James B. Wieland, ¶ 5).

U.S. Fire contends that in addition to the four plaintiffs in the instant action, fifteen of Seatrain's other lessors have asserted claims on the same or similar policies. Five lessors have filed another action in this Court, *CATU Containers, et al v. United States Fire Insurance Co.,* 82 Civ. 2865, which has been designated a related case to the case at bar, and two have filed actions in state court in California. U.S. Fire contends that claims to date amount to more than $21 million.

U.S. Fire moves pursuant to Fed.R. Civ.Pr. 19 for an order directing that the claimants who are not presently parties in this action be joined as plaintiffs. U.S. Fire contends that all of the claimants are competing for a single fund because Clause 9 of the relevant policy [1] which is quoted below, limits recovery to $5 million. (Exhibit A to Affidavit of Frank Marcigliano). Plaintiffs answer that there is no single fund for which all of the claimants are competing because the policy does not contain any recovery limitation relevant to the losses alleged. In particular, plaintiffs contend that Clause 9 is an "event limitation;" that is, that it limits U.S. Fire's liability only

"for losses which flow from a particular event or location, most typically the catastrophic kind of loss that would occur where a single vessel or connecting conveyance became involved in a disaster, or where some other catastrophic loss, such as a hurricane, happens to strike insured equipment 'at any one place or at any one time.'"

(Plaintiffs' Memorandum of Law, filed October 28, 1982, at 7–8). Because no event or events as contemplated by Clause 9 are alleged, plaintiffs' argument continues, the limitations of Clause 9 are not invoked. Therefore, the plaintiffs say, there is nothing in the instant action that could, under Rule 19, "impair or impede [the] ability" of the other claimants "to protect [their] interests."

In reply, U.S. Fire contends that it must be plaintiffs' intent to allege that Seatrain's bankruptcy was the cause of their losses, and that bankruptcy is an event which would invoke the limits of Clause 9. In

---

1. U.S. Fire emphasizes that nothing in its motion is intended to waive the defense that the losses are not covered by the policy.

support of its prediction as to what plaintiffs will allege, U.S. Fire asserts that if plaintiffs do not allege that bankruptcy is the cause of their losses, then the policy's $10,000 deductible will apply to wipe out the claims.

\* \*   \*

Clause 9 of the policy states:

"These Assurers shall be liable for not more than Five Million ($5,000,000.) Dollars by any one vessel or by any one usual connecting conveyance or at any one place at any one time."

■ The primary question presented is whether Clause 9 can be invoked by a bankruptcy. We think not. The plain language of the provision limits it to incidents which occurred at one place and one time, or on one vessel or conveyance.

Although U.S. Fire does not ask to be permitted to submit parol evidence on the meaning of Clause 9, we note that parol evidence would not be admissible to prove that the writers of Clause 9 might have contemplated a concept such as bankruptcy. In the first instance, U.S. Fire has at no point indicated that its interpretation of Clause 9 is based on anything other than *its* reading of the language, which we find unconvincing, and on its prediction of the tactical complications that may result from another interpretation, discussed below.

Moreover,

"[w]hile 'the parties have a right to present oral testimony or other extrinsic evidence at trial to aid in interpreting a contract whose provisions are not wholly unambiguous,' *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir.1975), there is no right to present evidence on the meaning of a contract term which is clear on its face."

*T.G.I. East Coast Construction Corp. v. Fireman's Fund Insurance Co.*, 534 F.Supp. 780, 782 (S.D.N.Y.1982). We believe that, on the question whether bankruptcy can be deemed to be included in the language of Clause 9, the contract is clear on its face.

U.S. Fire also argues that the existence of a deductible of $10,000 per "occurrence" (Clause 8)[2] will "force" plaintiffs to argue that bankruptcy is the cause of all of their losses because otherwise "the $10,000 per occurrence deductible would virtually wipe out their claims." (U.S. Fire's Memorandum of Law, Filed October 13, 1982, at 2).

The argument is unpersuasive. The existence of a $10,000 per occurrence deductible will only "force" plaintiffs to argue that more than $10,000 in damages were caused by each occurrence. Whether or not Seatrain's bankruptcy was the "but-for" cause of the losses (i.e., whether or not Seatrain would have left the containers lying around unprotected from vandalism and the elements had it not become insolvent) bears no relationship that we can discern to whether each occurrence, as defined by Clause 8, caused greater than $10,000 worth of damages. U.S. Fire, of course, will be free to argue that the deductible has not been met as to any particular occurrence.

In summary, because Clause 9 is held to be inapplicable to bankruptcy, there is no limited fund for which all of the claimants are competing, and accordingly the rights of the other claimants would not be impaired by any disposition of this action.

Finally, while we recognize that U.S. Fire may in fact suffer the inconveniences which it contends are inevitable in being compelled to litigate in several forums, plaintiffs would also be inconvenienced by joinder. Delays and complications are certainly not uncommon in actions involving numerous plaintiffs. Moreover, as plaintiffs point out, if an insurance company issues a similar policy to scores of different persons located throughout the country, it can hardly be heard to complain of the problems involved in being compelled to answer for

---

**2.** Clause 8 of the policy states that containers are insured

"subject however to a deductible of Ten Thousand ($10,000.) Dollars each and every occurrence, but this deductible is not applicable in the event of a total loss of a container ashore unless occurring within the terminal area or container park."

claims on the policy in numerous jurisdictions.[3]

Accordingly, the motion for joinder is denied.

It is so ordered.

**3.** The term "policy" used in the above paragraph is intended in its generic sense, not as a term of art. After the filing of this opinion, defendant's counsel expressed concern that the use of the term might be construed as a ruling on the significance of the distinction between an insurance policy and a certificate of insurance. This footnote has been inserted to clarify that no such ruling was intended, the issue not being pertinent to the decision on the present motion.